IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN CALHOUN, #308606           *
        Plaintiff,
   v.                           *   CIVIL ACTION NO. AW-08-2799

D. KENNETH HORNING, WARDEN      *
CORRECTIONAL MEDICAL SERVICES,
  INC.                          *
WILLIAMS DENTIST
DENISE MYERS, DENTAL HYGIENIST  *
HAGEN MILLER, DENTAL ASSISTANT
        Defendants.           *
                        ***

## MEMORANDUM

### I. *Background*

Plaintiff filed this 42 U.S.C. § 1983 civil rights action for damages on October 16, 2008, alleging that he received inadequate dental care. He claims that although he initially sought treatment for a chipped bottom front tooth on or about May 9, 2008, an unnamed dentist ignored the chipped tooth and instead focused on the need to "remove a root canal with a crown missing." Paper No. 1. Plaintiff claims that the "root canal root" was pulled out and he was given some pain medications and salt for his discomfort, even though he informed staff that he was highly allergic to iodized salt.[1] *Id*. He further asserts that a crown to a tooth that had been cleaned on or about May 22, 2008, fell out of his mouth and landed on the floor of the lunch room. *Id*. Plaintiff claims that although he filed a request to have the crown "re-fastened," he was told by staff that this procedure would not occur and he should hold onto the crown. Paper No. 1.

---

[1]     Plaintiff claims that dental staff took back the packet of salt.

Defendants Meyers and Miller have filed a Motion to Dismiss and Plaintiff has filed his Opposition thereto. Paper Nos. 29 & 33. The Motions to Dismiss or for Summary Judgment filed by Defendants Correctional Medical Services, Inc. and Horning (Paper Nos. 35 & 37) remain unopposed.[2] The case may be determined on the pleadings and without oral hearing. *See* Local Rule 105.6. (D. Md. 2008).

## II. *Standard of Review*

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to prove the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombley*, 127 S.Ct. 1955, 1964-65 (2007). "[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a 'largely groundless claim' be allowed to 'take up the time of a number of other people...'" *Id*. at 1966 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). "[T]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S.Ct. 1937, 1949 (2009). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, "because the court is testing the legal sufficiency of the claims, the court is not bound by plaintiff's legal conclusions." *IFAST, Ltd. v. Alliance Solution Telecommunications Industry*, 2007 WL 3224582, at *3 (D. Md. 2007).

---

[2] Service of process was not effected on Dr. Williams, the dentist at the Maryland Correctional

2

III.  *Analysis*

It is well settled law that a claimant may not recover damages against a municipality under 42 U.S.C. § 1983 on a respondeat superior theory. *See Monell v. Dep't of Social Services,* 436 U.S. 658, 690-695 (1978). To the extent the Complaint names Correctional Medical Services, Inc. ("CMS") in the alleged denial of dental care solely upon vicarious liability, case law in this circuit is clear. Principles of municipal liability under § 1983 apply equally to a private corporation. Therefore, a private corporation is not liable under § 1983 for actions allegedly committed by its employees when such liability is predicated soley upon a theory of *respondeat superior*. *See Austin v. Paramount Parks, Inc.,* 195 F.3d 715, 727-28 (4th Cir. 1999); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982). CMS's Motion to Dismiss will be granted.

Further, 42 U.S.C. § 1983 liability on the part of a supervisory defendant, such as Warden Horning, requires a showing that: "(1) the supervisory defendant failed promptly to provide an inmate with needed medical care, (2) the supervisory defendant deliberately interfered with the prison doctors' performance, or (3) that supervisory defendant tacitly authorized or were indifferent to the prison physicians' constitutional violations." *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990) (internal citations omitted); *see also Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984) (supervisory liability for an inmate's beating by prison guards).

At no time does Plaintiff allege that Defendant Horning interfered with his dental care. Indeed, Horning is not mentioned in the statement of facts set out in the original and Amended Complaints. Consequently, Horning's Motion to Dismiss will be granted.

---

Training Center.

Defendants Myers and Miller, dental hygienists employed by a private healthcare contractor, seek dismissal of the Complaint for the failure to exhaustion administrative remedies as required by 42 U.S.C. § 1997e(a).  In his opposition, Plaintiff claims that "administrative remedies have no authority and/or power over these Defendants."

Title 42 U.S.C. § 1997e(a) requires "proper exhaustion," which means "complet[ing] the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock,* 549 S.Ct. 199, 127 S.Ct. 910, 922-23 (2007) (quoting *Woodford v. Ngo,* 548 U.S. 81, 88 (2006). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 923.  Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly.  *See Woodford*, 548 U.S. at 90.

The issue before the court is whether Maryland inmates must exhaust administrative remedies under the DOC grievance process regarding complaints against private healthcare contractors and their employees.  The court finds state court evaluation of the same issue instructive, as it was fully briefed and examined by the Maryland high court.  In *Adamson v. Correctional Medical Services, Inc*., 359 Md. 238  (Md. 2000), the Court of Appeals of Maryland reviewed the legislative history of the Maryland Administrative Remedy Procedure ("ARP") process and noted that it permits a prisoner to submit a complaint for grievances against officials or employees of the Maryland Division of Correction and Patuxent Institution through to the IGO.  It further observed that ARP grievances must be exhausted through to the IGO before seeking judicial review.  Finally, the Court of Appeals noted that the documentation presented in the case establishes that the IGO

4

declines to hear prisoner grievances against private health care contractors. *Adamson*, 359 Md. 266-271. In sum, the Court of Appeals found that the Maryland prisoner administrative remedy process does not encompass complaints against private medical providers under contract with the state.

The Maryland Division of Correction does provide for a grievance process. As noted by *Chase v. Peay*, 286 F.Supp.2d 523 (D. Md. 2003), a Maryland inmate satisfies exhaustion by seeking review of an ARP complaint denial from the Warden to the Commissioner and then appealing the Commissioner's decision to the Inmate Grievance Office ("IGO"), the *final level* of appeal within Maryland's administrative grievance system for prisoners. *See Chase*, 286 F.Supp.2d at 529.

The Court finds the Court of Appeals of Maryland's analysis persuasive. After extensive examination of the legislative and practical history of the Maryland ARP process it concluded that the process was directed at claims against DOC and Patuxent employees. It further determined that the IGO does not hear remedy appeals filed against private healthcare contractors. Coupled with the fact that (1) Plaintiff's claims against Myers and Miller do not seek review of the alleged constitutional misdeeds of agency personnel, but that of the medical staff[3] and (2) this court ruled in *Chase* that administrative exhaustion of Maryland DOC remedies under 42 U.S.C. § 1997e(a) is only satisfied by filing an ARP from the Commissioner through to the IGO, the undersigned concludes that Maryland inmates cannot and should not be required to exhaust the administrative remedy process involving claims filed against healthcare staff because the Maryland DOC has not

---

[3] Federal caselaw has consistently noted the importance of exhaustion as a means of providing an agency the opportunity to review its records and to correct its own errors. Review of 42 U.S.C. § 1997e(a) exhaustion requirements has focused on the same issue. In *Woodford*, the Supreme Court again noted the importance of exhaustion for purposes of affording the agency an opportunity to correct its own errors. *See Woodford,* 548 U.S. at 89-90. Dental provider, not agency, decisions remain at issue here.

made the ARP process available to them in such cases.[4]  Defendants Meyers and Miller's Motion to Dismiss will be denied.

IV.  *Conclusion*

A separate order shall be entered following this opinion.  A schedule shall be entered reflecting the motions' practice for Plaintiff and Defendants Meyers and Miller.

Date:  September 2, 2009             _____/s/_____
                                     Alexander Williams, Jr.
                                     United States District Judge

---

[4] The court takes judicial notice that although it has reviewed countless prisoner civil rights cases defended by private health care contractors and providers, exhaustion of administrative remedies under 42 U.S.C. § 1997e(a) has never been raised as an affirmative defense by those defendants. The court finds here that such a defense cannot be raised by Maryland prison health care providers.